Dunicin, Ch.,
(dissenting.) In Mr. Justice Story’s Treatise-on Equity Jurisdiction, (1 vol. p. 442,) it is said that the most important agencies falling under the cognizance of Courts of Equity, are those of attorneys, factors, bailiffs, consignees, receivers and stewards. It is further stated, that in most agencies of this sort, “it rarely happens that the prin- “ cipal is able, in cases of controversy, to ascertain his rights, “ or to ascertain the true state of the accounts, without resort- “ ing to a discovery from the agent;” and that, independent of the discovery, in most agencies of long continuance, “ the re *201 medy of the principal would be utterly nugatory, or grossly defective.”
In a note to the same page it is stated, on authority, “ that,in general, a bill will not lie by an agent against his principal, for an account, unless some special ground is laid ; as incapacity to get proof except by discovery.” The case of stewards is adverted to, as an exception, because a discovery from his-principal is ordinarily necessary. “ The nature of this dealing is that money is-paid in confidence, without vouchers, embracing a great variety of accounts with the tenants; and nine times out of ten, it is impossible that justice can be done to the steward, without going into Equity for an account against his principal.” In order to obtain, I suppose, a disco-' very or admission of “the sums which had been paid to him in confidence without vouchers.” For sums paid to any other person, without voucher, might be proved in the ordinary way. Unless this be the ground of exception, every factor, attorney f or even agent for a single transaction, might-file his bill in this Court, as is done in this case, for a balance alleged to be due him by his principal. In Scott vs. Truman, (Willes, 405,) the Chief Justice had placed the jurisdiction of the Court of Equity,in case of a principal, against his factor, on the notion of a trust. But Mr. Justice Story remarks, that if the source ofjurisdiction in such cases, (a consignment to a factor for sale) were the mere notion of a virtual trust, Equity jurisdiction would cover every case of bailment. “But,” he adds, “it is the necessity of reaching the facts, by a discovery; and, having jurisdiction for such purpose, the Court,- to avoid multiplicity of suits, will proceed to administer the proper relief.” (2 Story. 445.)
In the case under consideration no-discovery is sought from the defendants. All the facts are within the knowledge of the' complainant; and, in respect to the sums disbursed by him, he charges expressly (In the language of the bill J that “ for every *202 item usually vouched, he has shewn vouchers, although some items of small amounts paid out in petty sums, at different times, and in such a manner as to preclude him from taking receipts may be found without voucher to sustain them.” As to these petty sums, it is not perceived that the complainant would be entitled to any advantage before the commissioner, which he would not have with a jury. But, this difficulty of proof is not urged in the bill as a ground for the interference of this Court; nor could it, in my judgment, sustain the jurisdiction, unless discovery were sought.
But the objections to the complainant's account, are stated in» the bill, and substantially admitted by the answer, to wit: that he paid extravagantly for completing the boat, and that he chartered her for too small a sum on the expedition to Florida; these are the points on which the parties are at issue. For the examination and decision of this issue, it seems to me that the ordinary tribunal is the appropriate forum. I am of opinion that the plea to the jurisdiction should have been sustained.